UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:  Case No.: 17-17682-JKO
Chapter 13

Yvon Mauricette,
____Debtor._____/

**Attorney-Represented Debtor's Verified Ex-Parte Motion for Referral to Mortgage Modification Mediation**

The Debtor files this Verified Ex-Parte Motion for Referral to Mortgage Modification Mediation ("Ex-Parte Motion") and requests the Court enter an Order Granting Debtor's Ex-Parte Motion for Referral to Mortgage Modification Mediation" ("Ex-Parte Order") referring Debtor and Shellpoint Mortgage Servicing, LLC ("Lender") to Mortgage Modification Mediation ("MMM") and states as follows:

1. Debtor is an individual who has filed for bankruptcy relief under, or converted to, chapter 13 on June 20, 2017. The deadline of September 18, 2017 was extended pursuant to General Order 2017-03 dated September 18, 2017.

2. Debtor requests MMM for real property ("Property") located at the following street address: 4070 NW 35 Avenue, Lauderdale Lakes, FL 33309; account number for this Property is 0813 (last four digits).

   a. The Property is (check one box):

      ☒ the Debtor's primary residence

      ☐ not the Debtor's primary residence

   b. Borrowers obligated on the promissory note and mortgage on the Property are (check one box):

      ☒ Debtor only

☐ Debtor and non-filing co-obligor/co-borrower/third party

Contact information for co-obligor/co-borrower/third party:

Name:_____
Address:_____
           _____
Telephone:_____
email:_____

☐ Other:

Name:_____
Address:_____
           _____
Telephone:_____
email:_____

   c.  If applicable, Debtor's attorney has simultaneously filed with this Motion the MMM Local Form "Third Party's Consent to Attend and Participate in Mortgage Modification Mediation" signed by each co-obligor/co-borrower/third party listed above.

3.   Debtor intends to (check all boxes that apply):

☒ modify the mortgage on the Debtor's primary residence.

☐ modify the mortgage on Property that is not the Debtor's primary residence.

☐ surrender the Property to the Lender.

4.   Prior to filing this motion, Debtor remitted to Debtor's attorney the required non-refundable portal submission fee in the amount of $40.00 and the required non-refundable Document Preparation Software fee in the amount of $40.00 for a total fee of $80.00.

5. Prior to filing this motion, Debtor's attorney completed Debtor's information using the court-approved on-line program that facilitates the preparation of the Debtor's loan modification package ("Document Preparation Software") and has paid the $40.00 Document Preparation Software fee to the approved vendor. Debtor's initial loan modification forms have been generated and are ready for signature and submission. Debtor's attorney has also collected all of the required supporting documentation as required by the Document Preparation Software (such documentation and forms referred collectively to as "Debtor's Prepared Package") and is prepared to submit the supporting documentation along with the modification forms.

6. Prior to filing this motion, Debtor's attorney has determined that:

    ☒ Lender is registered with the approved Mortgage Modification Mediation Portal ("MMM Portal");

    ☐ Lender is not registered. Debtor requests the Court require Lender to register with the MMM Portal within seven days after entry of the Order.

7. Debtor requests Lender consider (check as many boxes as applicable):

    ☒ a HAMP or government sponsored loan modification

    ☒ a conventional loan modification

    ☐ a deed in lieu of foreclosure

    ☐ a state court consent *in rem* final judgment of foreclosure

    ☐ surrender options

&boxtimes; other: <u>any and all modification options/ modification programs</u>

8. IF DEBTOR IS REQUESTING NON-RETENTION (SURRENDER) OPTIONS:

   a. Debtor will submit all additional documents required for surrender as provided for on the MMM Portal.

   b. Debtor represents that the property has been listed for sale.

9. Prior to filing this motion, Debtor remitted the required mediator's fee in the amount of $300.00 to Debtor's attorney, unless the Debtor is seeking pro bono mediation under paragraph 11. Debtor understands and acknowledges that after the mediator is designated, the mediator's fee is not refundable for any reason at any time.

10. Within seven days after filing the MMM Local Form "Debtor's Notice of Selection of Mortgage Modification Mediator (or "Notice of Clerk's Designation of Mortgage Modification Mediator") or the Lender's registration on the MMM Portal, whichever occurs later, Debtor's attorney shall upload and submit through the MMM Portal, Debtor's Prepared Package, together with any additional forms or documents which Lender may post on the MMM Portal, and pay a non-refundable MMM Portal submission fee in the amount of $40.00. In addition, the Debtor's attorney will upload the Order to the MMM Portal as part of the submission of Debtor's documentation.

11. Debtor's attorney:

    ☐ will forward the mediator's fee directly to the mediator within seven days after designation of the mediator; **OR**

☐ represents that the Debtor requests he/she be considered as a candidate for pro bono mediation because the Debtor's undersigned attorney is representing the Debtor pro bono, or Debtor's income is less than 150% above the poverty level (see attached calculation).

12. Debtor consents to Lender communicating directly with Debtor's attorney for any and all aspects of the mortgage modification mediation program.

13. [For chapter 7 debtors] Debtor understands and consents to this Court's MMM procedures which require that, if the Debtor becomes otherwise eligible for entry of a discharge before the MMM process is completed, the Court shall delay issuance of the discharge until either an agreement is reached or the parties reach impasse as reflected in the Local Form "Final Report of Mortgage Modification Mediator".

**WHEREFORE,** Debtor requests that the Ex-Parte Motion be granted and for such other and further relief as this Court deems proper.

## DEBTOR'S VERIFICATION

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury the foregoing is true and correct on September 28, 2017.

/sig/ Yvon Mauricette
Debtor, Yvon Mauricette

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the Debtor's Ex-Parte Motion for Referral to Mortgage Modification Mediation and proposed Order were served by CM/ECF and via U.S, first class Mail, upon the parties listed below on September 28, 2017.

                                                     /s/ John D. Segaul, Esq.
                                           John D. Segaul, Attorney for Debtor(s)
                                           SEGAUL LAW FIRM
                                           300 South Pine Island Road, Ste. 304
                                           Plantation, FL 33324
                                           Telephone: 954-424-3600
                                           Fax: 954-423-3561
                                           Florida Bar No.: 907405
                                           Email: john@segaul.com

Copies to:

**VIA CM/ECF:**
Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov
Robin R Weiner
ecf@ch13weiner.com;ecf2@ch13weiner.com


**VIA U.S. MAIL:**
Shellpoint Mortgage Services, LLC
POB 10826
Greeneville, SC 29603-0826

Yvon Mauricette
4070 NW 35 Ave.
Lauderdale Lakes, FL 33309

MMM-LF-01 (rev. 04/01/15)

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re:                                                                                                  Case No.: 17-17682-JKO
                                                                                                              Chapter 13

Yvon Mauricette,
___Debtor._____/

**PROPOSED**
**Order Granting Debtor's Verified Ex Parte Motion for Referral to
Mortgage Modification Mediation**

This matter came before the Court upon the Attorney-Represented Debtor's Verified Ex Parte Motion for Referral to Mortgage Modification Mediation ("Ex Parte Motion") filed on September 28, 2017 in accordance with this Court's Mortgage Modification Mediation ("MMM") program procedures and regarding Debtor's real property located at 4070 NW 35 Avenue, Lauderdale Lakes, FL 33309 (street address) and the mortgage on this property held by Shellpoint Mortgage Servicing, LLC ("Lender").

It is **ORDERED** as follows:

1. The Ex Parte Motion is granted. The Lender may seek reconsideration of this Order by filing a written motion on or before 14 days after entry of the

Order. If a timely motion for reconsideration is filed, the Court will promptly schedule a hearing in accordance with Local Rule 9073-1. In the event a motion for reconsideration is timely filed, all deadlines set forth in this Order shall be suspended pending resolution of the motion, but all other provisions shall remain in effect.

2. The Debtor and Lender are required to participate in Mortgage Modification Mediation ("MMM") in good faith. MMM shall be concluded not later than 150 days from the date of the Order, unless extended by written consent on the approved Mortgage Modification Mediation Portal ("MMM Portal"), by stipulation of the parties or by court order.

3. All communications and information exchanged during MMM are privileged and confidential as provided by Federal Rule of Evidence 408 and Chapter 44 of the Florida Statutes, and shall be inadmissible in any subsequent proceeding.

4. All written communication between the parties regarding the mediation must be sent through the approved portal ("MMM Portal") only, unless otherwise ordered by the Court. Any litigated matters incidental to the mediation shall be considered as separate matters and not subject to the portal communication requirement.

5. The Lender (and Lender's counsel, if any) shall register with the MMM Portal, unless already registered, within seven days after entry of this Order, and designate its single point of contact and outside legal counsel, if any. If the Lender fails to register, the Debtor may file a motion with the Court seeking sanctions against the Lender for Lender's failure to register.

6. Lender's counsel or representative shall have the authority (within the investor's guidelines) to settle and will attend and continuously participate in all MMM conferences in this case.

7. Debtor's attorney shall, within seven days after the filing of Debtor's Notice of Selection of Mortgage Modification Mediator (or Notice of Clerk's Designation of Mortgage Modification Mediator), or after confirming that the Lender is registered on the MMM Portal, whichever occurs later, remit to the MMM Portal the required non-refundable MMM Portal submission fee in the amount $40.00, and upload to the MMM Portal the following (collectively, the "Completed Package"):

    (a) Debtor's loan modification package (prepared using the Document Preparation Software);

    (b) a copy of this Order; and

    (c) any additional lender-specific information identified by Lender on the MMM Portal.

8. The Lender shall, within seven days after Debtor's delivery of the "Completed Package", acknowledge receipt of Debtor's information and advise Debtor of any additional or missing information required for Lender to proceed with its review.

9. In the event the Lender requires additional or missing information to consider the Debtor's requested mortgage modification options as specified in the Ex Parte Motion, the Lender shall so notify Debtor through the MMM Portal within seven days of Debtor's submission ("Notice").  The Debtor

shall provide all additional documents through the MMM Portal within seven days of the Notice.

10. The Lender shall timely underwrite the loan modification request.

11. If the Lender transfers the loan, the Lender must provide a copy of the Order to the new holder of the loan ("Successor Lender"), and the Successor Lender will be obligated to comply with all terms of this Order.

12. **PROCESS FOR SELECTION OF MEDIATOR:**

    (a) The parties shall have 14 days from the date of this Order to select a mediator. If the parties agree on the selection of a mediator, the Debtor shall file the MMM Local Form "Debtor's Notice of Selection of Mortgage Modification Mediator" (Check Box 1 and insert mediator name and contact information), serve a copy of the notice on all required parties, and file a Certificate of Service pursuant to Local Rule 2002-1(F).

    (b) If the Lender fails to communicate with the Debtor within the 14 day period established for the mediator selection process, the Debtor shall, within seven days, independently select a mediator and file the "Debtor's Notice of Selection of Mortgage Modification Mediator" (Check Box 2 and insert mediator name and contact information), serve a copy of the notice on all required parties, and file a Certificate of Service pursuant to Local Rule 2002-1(F). In this instance, it shall be deemed that the Lender has waived the right to challenge Debtor's selection of a mediator.

(c) If the parties attempt to reach agreement on the selection of a mediator, but fail to do so, the Debtor shall file the "Debtor's Notice of Selection of Mortgage Modification Mediator" (Check Box 3 indicating an impasse), serve a copy of the notice on all required parties, and file a Certificate of Service pursuant to Local Rule 2002-1(F). The clerk shall then randomly select a mediator from the clerk's Mediation Register pursuant to Local Rule 9019-2(B)(3), without the necessity of a hearing. The clerk shall serve notice of the mediator selection on the required parties using the MMM Local Form "Notice of Clerk's Designation of Mortgage Modification Mediator". Local Rule 9019-2(B) shall apply to any challenge to the clerk's designation of mediator.

13. Debtor's attorney shall assign the mediator as the mediator in this case on the MMM Portal within seven days after designation.

14. The mediator shall:

    (a) be governed by the standards of professional conduct set forth in the Florida rules for certified and court-appointed mediators and shall have judicial immunity in the same manner and to the same extent as a judge;

    (b) subject to paragraph 15 below, be compensated in the amount of $600.00 for preparation for MMM, execution of required documents, facilitation of document and information exchange between the

parties, and participation in no more than two one-hour MMM conferences.

(c)     be compensated at the rate set by this Court's Local Rule 9019-2(6) for any MMM conferences that extend beyond the initial two one-hour conferences.

15. The mediator's fee shall be paid equally by the parties as follows:

(a)     ☒     The Debtor shall pay a non-refundable fee in the amount of $300.00 directly to the mediator within seven days designation of the mediator; **OR**

☐     The Court finds that the Debtor qualifies for a mediator *pro bono*. The mediator shall notify the Court and the Debtor immediately by motion if the mediator is not willing to serve *pro bono* and state in the motion to be excused from *pro bono* mediation, the reasons why the mediator seeks to be excused.

(b)     The Lender shall pay a non-refundable fee in the amount of $300.00 directly to the mediator within seven days after designation of the mediator.

(c)     The mediator's fee for MMM conferences that extend beyond two, one-hour conferences, shall be paid equally by the parties (unless the Debtor is receiving pro bono mediation, in which case the Lender shall pay its half) and is due and payable at the beginning of each successive MMM conference in accordance with the program procedures.

16. The mediator shall log in to the MMM Portal within seven days after designation and use the MMM Portal to facilitate any additional exchange of information or documentation between Debtor and Lender in an effort to perfect the documents needed for Lender to complete its analysis of Debtor's mortgage modification mitigation options.

17. If the mediator either fails to timely register or log in to the MMM Portal to begin to facilitate the MMM process, any party to the mediation may file a motion requesting that the mediator be removed from this case and, if applicable, be removed from the clerk's Mediation Register.

18. **MEDIATION CONFERENCE:**

    (a) The mediator shall schedule the initial MMM conference no later than seven days after determining that the Lender has received and reviewed all requested information. In the event the mediator cannot determine that the Lender has received all the requested information, the mediator shall schedule the initial MMM conference within 90 days of this Order. The initial MMM conference shall not exceed one hour. The mediator shall report the scheduling of all MMM conferences on the MMM Portal.

    (b) The Lender and Lender's representative may participate in the MMM conference by telephone.

    (c) The Debtor and any co-obligors/co-borrowers or other third party may participate in the MMM conference by telephone provided they are physically present with Debtor's attorney and present

        identification to Debtor's attorney counsel during all MMM conferences.

(d)     Debtor shall provide a foreign language interpreter, if necessary, at the Debtor's own expense.

(e)     All parties attending the MMM conference must be ready, willing and able to sign a binding settlement agreement at the MMM conference and have the ability to scan, send and receive documents by facsimile, email or other electronic means at the time of the MMM conference.

19. In the event the parties are unable to reach an agreement and require an additional MMM conference, the mediator shall schedule a final MMM conference no later than 30 days thereafter. The final MMM conference shall not exceed one hour.

20. In the event the parties reach a final resolution or, if no agreement has been reached, the mediator shall report the results of the MMM on the MMM Portal not later than seven days after the conclusion of the final MMM conference. The mediator shall also complete and file with the Court, either conventionally or via CM/ECF, the MMM Local Form "Final Report of Mortgage Modification Mediator", within two business days following entry of the final report data on the MMM Portal.

21. If applicable, Debtor's attorney shall file the MMM Local Form "Ex Parte Motion to Approve Mortgage Modification Mediation Agreement with Lender", no later than 14 days following the filing of the Final Report and upload the MMM Local Form "Order Granting Motion to Approve Mortgage

Modification Mediation Agreement with Lender" to the Court's E-Orders program. The parties shall also seek any necessary Court approval and formalize any required legal documents in a timely fashion thereafter.

22. The automatic stay is modified to the extent necessary to facilitate MMM pursuant to this Order.

23. [For chapter 7 debtors] Notwithstanding that the Debtor may be eligible for entry of a discharge before the MMM process is completed, the Court shall delay issuance of the discharge until either an agreement is reached or the parties reach impasse as reflected in the Local Form "Final Report of Mortgage Modification Mediator".

24. Any of the deadlines imposed by this Order may be extended by order of the Court.

25. If any parties or counsel fail to comply with the terms of this Order, the Court will consider a motion to vacate the Order and may also impose sanctions.

26. The Debtor's attorney shall serve a copy of this Order on all parties to the mediation, immediately upon receipt. Service shall be by regular U.S. Mail, electronic service, or email, if the party's email address is known.

###

Submitted by:

John D. Segaul, Esq., SEGAUL LAW FIRM, PA, 300 S. Pine Island Road, Suite 304, Plantation, FL 33324, *Tel:* 954.424.3600, *Fax:* 954.423.3561, Email: john@segaul.com

*Attorney* **SEGAUL** *is hereby directed to mail a conformed copy of this Order upon all interested parties and creditors immediately upon receipt of same.*